**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**FRANKFORT**

**CRIMINAL ACTION NO.** 3:26-CR-00014-REW-EBA

**UNITED STATES OF AMERICA** **PLAINTIFF**

**V.** **PLEA AGREEMENT**

**CRYSTAL GAIL BIRCH** **DEFENDANT**

* * * * *

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Information, charging a violation of 18 U.S.C. § 2251(a), employing, using, persuading, inducing, enticing, and coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct.

2. The essential elements of Count 1 of the Information, charging a violation of 18 U.S.C. § 2251(a) and (e), are:

(a) The Defendant knowingly employed, used, persuaded, induced, enticed, or coerced, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and

(b) The Defendant knew the sexually explicit visual depictions of a minor would be produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, or that such visual depictions would be transmitted using a means or facility of interstate commerce.

3. As to the offense charged in the Information, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) On 3/23/26, Det. Wilson with the Kentucky State Police was contacted by the National Center for Missing and Exploited Children (NCMEC) and provided with multiple cyber tips associated with a single subject. A cyber tip is sent to law enforcement when an electronic service provider submits a report to NCMEC that a user may be utilizing their platform for the sexual exploitation of children. Upon review of the images/videos associated with the cyber tips, it appeared likely that a child or children were being sexually abused.

(b) All cyber tips were from Google and reported that a user was uploading and possessing CSAM involving children that may be known to him. After reviewing the cyber tips, Det. Wilson determined that the accounts were associated with Billy Joe HARLOW (HARLOW), a registered sex offender, residing in Trimble County, in the Eastern District of Kentucky. HARLOW was previously convicted in 2007 in Carroll County, Kentucky for two (2) counts of Sexual Abuse in the First Degree.

(c) During the investigation, Det. Wilson reviewed the suspected CSAM images attached to the cyber tips. One of the images was of a prepubescent male, MV1, standing up in a bathtub. The juvenile was nude and had both hands on his penis. There were also adult hands in the picture. The photo appeared to be a screenshot with the name Crystal Gail BIRCH at the bottom. The name appears to be visible because the screenshot was produced from a message originating from BIRCH. The same victim appeared in several pictures attached to the cyber tips.

(d) A Kentucky State Police (KSP) E-Crimes Intelligence Analyst located a female with the name Crystal Gail BIRCH that was residing in Carroll County via her publicly available Facebook page and learned that BIRCH was associated with the children pictured in the cybertip videos and images. There were approximately 100 images containing CSAM on the cyber tips that were reported by NCMEC. At least 30 of the images reported by NCMEC were of the children located via the Facebook page—MV1 and MV2---both well under the age of 12.

(e) KSP executed state search warrants on the residence of HARLOW and the residence of BIRCH. During the execution of the state search warrant of BIRCH's and HARLOW's residences, electronic devices were seized from both locations. Both Harlow and BIRCH were interviewed.

(f) BIRCH admitted to producing and sending CSAM images and videos of two minor children to HARLOW using her cellphone. She admitted to recording herself holding the children's penises and sending those images to HARLOW. BIRCH stated she communicated with HARLOW via text message or Facebook messenger. BIRCH stated that HARLOW specifically requested images and/or videos of the children nude in the bathtub, specifically with her washing the children with her hand rather than a rag. The female stated that she had been given money by HARLOW that she was unable to repay and that providing CSAM images/videos to HARLOW was a method of satisfying her debt.

(g) BIRCH admits that, from a date in 2023 and continuing through a date in 2026, she knowingly persuaded, induced, enticed, coerced and used Minor Victims 1 and 2 to engage in sexually explicit conduct for the purpose of creating visual depictions when both victims were well under 12 years of age and when both victims were in her care, custody, and control. BIRCH admits that these images were produced using materials that had been transmitted in interstate or foreign commerce and were transmitted using a means or facility of interstate commerce, that is text messaging and the internet, when they were sent from BIRCH in Carroll County to HARLOW in Trimble County, in the Eastern District of Kentucky.

4. The statutory punishment for Count 1 is imprisonment for not less than 15 years and not more than 30 years, a fine of not more than $250,000, and a term of supervised release of not less than 5 years and up to life. A special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea. An additional mandatory special assessment of $5,000 applies, pursuant to 18 U.S.C. § 3014, for non-indigent Defendants convicted of certain

offenses, including those in chapter 110. The Defendant will pay this assessment to the U.S. District Court Clerk after the sentencing hearing, in accordance with the Judgment, if the Court determines the Defendant is non-indigent and orders such assessment to be paid. Moreover, the Defendant acknowledges that, pursuant to 18 U.S.C. §2259A, an assessment per count of no more than $50,000 may apply to any person convicted of a child pornography production offense.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, provided they are not changed by the guidelines in effect at the time of sentencing, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) The United States Sentencing Guidelines (U.S.S.G.) Manual in effect at the time of sentencing will determine the Defendant's guideline range.

(b) Pursuant to U.S.S.G. § 2G2.1(a), the base offense level is 32

(c) Pursuant to U.S.S.G. § 2G2.1(b)(1)(A), increase the offense level by 4 levels because the victim had not attained the age of twelve.

(d) Pursuant to U.S.S.G. § 2G2.1(b)(2)(A), increase the offense level by 2 levels because the offense involved the commission of a sexual act or sexual contact.

(e) Pursuant to U.S.S.G. § 2G2.1(b)(3), increase the offense level by 2 levels because the defendant knowingly engaged in distribution.

(f) Pursuant to U.S.S.G. § 2G2.1(b)(5) increase the offense level by 2 levels because the defendant was a parent, relative, or legal guardian of the minor involved in the offense, or the minor was otherwise in the custody, care, or supervisory control of the defendant.

(g) Pursuant to U.S.S.G. §4B1.5(b), increase the offense level by 5 because the Defendant engaged in a pattern of activity involving prohibited sexual contact.

(h) Pursuant to USSG §3E1.1(a), because the Defendant clearly demonstrated acceptance of responsibility, and (b) timely provided complete information to the government concerning her own involvement in the offense and/or timely notified authorities of intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently, the offense level is reduced by three levels.

(i) Pursuant to U.S.S.G. ' 5E1.1, restitution will be determined at sentencing or at a separate restitution hearing. The Defendant agrees that all victims of images she possessed, received, distributed, produced, attempted to produce, or conspired to produce, shall be considered victims for purposes of allocution and restitution, even if those victims are not victims of the counts of conviction.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2.

8. The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant understands that, by pleading guilty, she will be required to register as a sex offender upon her release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that, independent of supervised release, she will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout her life. The Defendant will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction

where she resides, is employed, or is a student. The Defendant understands that she shall keep her registration current and shall notify the sex offender registration agency or agencies of any changes to her name, place of residence, employment, student status, or other relevant information. The Defendant shall comply with requirements to periodically verify in person her sex offender registration information. The Defendant understands that she will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon her release from confinement following conviction.

10. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Information. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offenses to which he is pleading guilty, as set forth in the forfeiture allegation of the Information. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to

withdraw, and hereby withdraws, any such claim or petition that he/she already has submitted. If the Defendant fails to surrender and forfeit the assets identified for forfeiture herein, she consents to the forfeiture of any other property of hers up to the amount of the value of the assets identified for forfeiture, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives her right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

11. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

12. The Defendant agrees to pay restitution to any victim(s) as ordered at sentencing, pursuant to 18 U.S.C. § 3663(a)(3). The Defendant agrees that the restitution amount may include restitution for all losses caused by the Defendant's criminal conduct involving the production, receipt, distribution, or possession of sexually explicit images of minors, or an attempt or conspiracy to commit such crimes, even if such losses resulted

from crimes not charged, crimes that were not the basis of a count of conviction, or conduct not admitted by Defendant in the factual basis.

13. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his/her financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation

or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his/her economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

14. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The

Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

15. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

16. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

17. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

18. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

JASON D. PARMAN
UNITED STATES ATTORNEY

Date: 10/14/26

By: [signature]
Erin M. Roth
Assistant United States Attorney

Date: 10-14-26

Crystal Birch
Crystal Gail Birch
Defendant

Date: 10/14/26

Bradley Clark
Attorney for Defendant